# IN THE COURT OF APPEALS OF IOWA

No. 17-0153
Filed February 7, 2018

**ANDREW PAUL JACKSON JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink (summary judgment) and William P. Kelly (ruling on 1.904(2) motion), Judges.

Andrew Jackson appeals the dismissal of his third application for postconviction relief. **AFFIRMED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Andrew P. Jackson Jr., Fort Madison, pro se.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

In 2001, Andrew Jackson was convicted of first-degree robbery, first-degree burglary, and second-degree kidnapping.[1] At issue in this appeal is Jackson's third application for postconviction relief (PCR), which was filed in October 2015. In his application, Jackson argued his trial counsel rendered ineffective assistance in failing to object to the kidnapping instruction on the ground that it did not include the intensifying language contained in the *State v. Rich* tripartite test. *See* 305 N.W.2d 739, 745 (Iowa 1981) (noting confinement or removal under the kidnapping statute "must be more than slight, inconsequential, or an incident inherent in [another crime] so that it has a significance independent from [the other crime]" and sufficient "confinement or removal may exist because it *substantially* increases the risk of harm to the victim, *significantly* lessens the risk of detection, or *significantly* facilitates escape following the consummation of the offense" (emphasis added)).

The State moved for summary dismissal on statute-of-limitations grounds. At a subsequent hearing, Jackson argued a concurring opinion in a recent supreme court case, *State v. Robinson*, 859 N.W.2d 464, 487–92 (Iowa 2015) (Wiggins, J., concurring specially), amounted to a substantive change in the law exempting him from the statute of limitations. The district court disagreed and

---

[1] This court affirmed Jackson's conviction on direct appeal. *See generally State v. Jackson*, No. 01-0925, 2002 WL 31308139, at *1–3 (Iowa Ct. App. Oct. 16, 2002), *further review denied* (Jan. 3, 2003). We also affirmed the denial of Jackson's subsequent postconviction-relief application. *See generally Jackson v. State*, No. 04-0880, 2006 WL 1229999, at *1–5 (Iowa Ct. App. Apr. 26, 2006), *further review denied* (July 18, 2006). Shortly thereafter, the United States District Court for the Southern District of Iowa also dismissed and denied Jackson's petition for habeas corpus relief. This court recently affirmed the dismissal of Jackson's second postconviction-relief application. *See generally Jackson v. State*, No. 15-0233, 2016 WL 1680137, at *1–3 (Iowa Ct. App. Apr. 27, 2016).

granted the State's motion for summary dismissal on statute-of-limitations grounds.

On appeal, Jackson challenges the district court's summary dismissal of his PCR application as time-barred.[2]  He continues to rely upon his argument that *Robinson* amounts to a substantive change in the law exempting him from the statute of limitations.  PCR "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  Iowa Code § 822.3 (2015).  "However, this limitation does not apply to a ground of . . . law that could not have been raised within the applicable time period."  *Id.*

Procedendo following Jackson's initial appeal issued in January 2003. Jackson did not file his third PCR application until more than twelve years later. *Rich* was decided approximately two decades before Jackson's conviction.  Any arguments flowing from that decision were obviously available to Jackson and could have been raised within the limitations period.  Finally, we repeat our position that "*Robinson* did not announce a new rule; it merely clarified an existing rule" and "[c]larifications of existing law do not constitute new grounds of fact or law for PCR purposes."  *Brandes v. State*, No. 17-0128, 2017 WL 6517176, at *1 (Iowa Ct. App. Dec. 20, 2017); *accord Grayson v. State*, No. 15-1382, 2016 WL 6652357, at *2 (Iowa Ct. App. Nov. 9, 2016) ("[O]ur court has previously concluded the supreme court did not announce a new rule in

---

[2] Jackson also states the district court erred in not granting a hearing on his subsequent motion to enlarge or amend.  Because he provides no argument or analysis on this assignment of error, we deem the argument waived.  *See* Iowa R. App. P. 6.903(2)(g)(3).

*Robinson* but rather only clarified existing law by its reliance upon the three-factor test announced in *State v. Rich* . . . .”), *further review denied* (Feb. 10, 2017); *Hampton v. State*, No. 15-1802, 2016 WL 2743451, at *1 (Iowa Ct. App. May 11, 2016) (“[T]he *Robinson* court notes that this concept ‘underlies’ the test set forth in *Rich*. . . .  In other words, the court was not announcing a new rule of law but rather clarifying the existing law, which does not provide an exception to the requirements of section 822.3.”), *further review denied* (July 7, 2016).

Jackson’s application was untimely, and he is not exempted from the statute of limitations.  We therefore affirm the dismissal of Jackson’s PCR application.

**AFFIRMED.**